**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| CAMFIL USA, INC., ) <br> d/b/a CAMFIL AIR POLLUTION CONTROL, ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> IMPERIAL SYSTEMS, INC. and CLARCOR ) <br> INC., ) <br> ) <br> Defendants. | Civil Action No.: 2:15-cv-1755 <br><br> JURY DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

### NATURE OF THE ACTION

1.      Plaintiff, Camfil USA, Inc., doing business as Camfil Air Pollution Control ("Camfil"), brings this action against Defendants, Imperial Systems, Inc. ("Imperial") and Clarcor Inc. ("Clarcor"), for infringement of United States Patent Nos. 8,673,037 and 9,174,155 pursuant to the patent laws of the United States, 35 U.S.C. § 1 *et seq.*

### PARTIES

2.      Camfil is a corporation organized and existing under the laws of Delaware, with a principal place of business at 3505 South Airport Road, Jonesboro, Arkansas 72401.

3.      On information and belief, Imperial is a corporation organized and existing under the laws of Pennsylvania, with a principal place of business at 300 Imperial Drive, Jackson Center, Pennsylvania 16133.  Imperial is doing business in the State of Texas and may be served through the Secretary of State.

4.      On information and belief, Clarcor is a corporation organized and existing under

the laws of Delaware, having a principal place of business at 840 Crescent Centre Drive, Suite 600, Franklin, Tennessee 37067.  On information and belief, Clarcor is doing business in the State of Texas and may be served through the Secretary of State.

## JURISDICTION AND VENUE

5.     This action arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq.* Subject matter jurisdiction is based upon 28 U.S.C. §§ 1331 and 1338(a).

6.     This Court has personal jurisdiction over Imperial because it has conducted business in the State of Texas, has engaged in continuous and systematic contacts within the State of Texas, and, on information and belief, has committed, and continues to commit, acts of infringement in the State of Texas.  Imperial may be served through the Secretary of State.  In addition, Imperial has conducted business in the Eastern District of Texas, has engaged in continuous and systematic contacts within the Eastern District of Texas, and, on information and belief, has committed, and continues to commit, acts of infringement in the Eastern District of Texas.   This Court has personal jurisdiction over Clarcor because it has conducted business in the State of Texas, has engaged in continuous and systematic contacts within the State of Texas, and, on information and belief, has committed, and continues to commit, acts of infringement in the State of Texas.  Imperial may be served through the Secretary of State.  In addition, Clarcor has conducted business in the Eastern District of Texas, has engaged in continuous and systematic contacts within the Eastern District of Texas, and, on information and belief, has committed, and continues to commit, acts of infringement in the Eastern District of Texas.

7.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b).

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 8,673,037

8.     Camfil repeats and re-alleges the allegations of paragraphs 1 through 7 as though fully set forth herein.

9.     On March 18, 2014, United States Patent No. 8,673,037 (the '037 Patent), entitled "AIR FILTER WITH BALANCED SEAL," was duly and legally issued by the United States Patent and Trademark Office.  A true and correct copy of the '037 Patent is attached as Exhibit A to this Complaint.

10.     Camfil is the assignee and owner of the right, title and interest in the '037 Patent, including the right to assert all causes of action arising under the '037 Patent and the right to any remedies for infringement of the '037 Patent.

11.     Imperial has been directly infringing, and continues to directly infringe, one or more claims of the '037 Patent by making, using, offering to sell, and/or selling in the United States, one or more of Imperial's air filters.  On information and belief, Imperial has been indirectly infringing, and continues to indirectly infringe, one or more claims of the '037 Patent by knowingly and actively inducing others to infringe, by contributing to the infringement of others, and/or by intentionally aiding, assisting and encouraging the infringement of others through the manufacture, use, offer for sale and/or sale of its air filters.  Imperial, either directly or through other entities under its direct control, has made, used, offered for sale, and/or sold in the United States air filters, including, but not limited to its DeltaMAXX Air Filters.  Imperial's infringing air filters infringe at least claims 1- 3 and 5 of the '037 Patent.   Imperial's infringing activities violate 35 U.S.C. § 271.

12.     Imperial's infringement of the '037 Patent has been and continues to be

intentional, deliberate, willful, and without regard to Camfil's rights.  Imperial's infringement of the '037 Patent has been intentional, deliberate, willful, and without regard to Camfil's rights, at least because it had knowledge of the '037 Patent through direct or indirect communications with Camfil and/or as a result of its participation in the air filtration industry.  Specifically, Imperial was made aware of the '037 Patent and its infringement thereof at least as early as March 24, 2014.

13.     Imperial has gained profits by virtue of its infringement of the '037 Patent.

14.     On information and belief, Clarcor has been indirectly infringing, and continues to indirectly infringe, one or more claims of the '037 Patent by knowingly and actively inducing others to infringe, by contributing to the infringement of others, and/or by intentionally aiding, assisting and encouraging the infringement of others through the manufacture, use, offer for sale and/or sale of its air filters and/or parts for air filters.

15.     Clarcor's infringement of the '037 Patent has been and continues to be intentional, deliberate, willful, and without regard to Camfil's rights.  Clarcor's infringement of the '037 Patent has been intentional, deliberate, willful, and without regard to Camfil's rights, at least because it had knowledge of the '037 Patent through direct or indirect communications with Camfil and/or as a result of its participation in the air filtration industry.  Specifically, Clarcor was made aware of the '037 Patent and its infringement thereof at least as early as March 24, 2014.

16.     Because of Imperial and Clarcor's infringement of the '037 Patent, Camfil has suffered damages and will continue to suffer damages in the future.  Camfil is entitled to an injunction against Imperial and Clarcor's continued infringement of the '037 Patent and an award of damages in an amount to be determined at trial.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 9,174,155

17.     Camfil repeats and re-alleges the allegations of paragraphs 1 through 16 as though fully set forth herein.

18.     On November 3, 2015, United States Patent No. 9,174,155 (the '155 Patent), entitled "AIR FILTER WITH BALANCED SEAL," was duly and legally issued by the United States Patent and Trademark Office.  A true and correct copy of the '155 Patent is attached as Exhibit B to this Complaint.

19.     Camfil is the assignee and owner of the right, title and interest in the '155 Patent, including the right to assert all causes of action arising under the '155 Patent and the right to any remedies for infringement of the '155 Patent.

20.     Imperial has been directly infringing, and continues to directly infringe, one or more claims of the '155 Patent by making, using, offering to sell, and/or selling in the United States, one or more of Imperial's air filters.   On information and belief, Imperial has been indirectly infringing, and continues to indirectly infringe, one or more claims of the '155 Patent by knowingly and actively inducing others to infringe, by contributing to the infringement of others, and/or by intentionally aiding, assisting and encouraging the infringement of others through the manufacture, use, offer for sale and/or sale of its air filters.  Imperial, either directly or through other entities under its direct control, has made, used, offered for sale, and/or sold in the United States air filters, including, but not limited to its DeltaMAXX Air Filters.  Imperial's infringing air filters infringe at least claims 1-4 and 6-8 of the '155 Patent.     Imperial's infringing activities violate 35 U.S.C. § 271.

21.     Imperial was made aware of the '155 Patent and its infringement thereof at least

as early as the filing of this Complaint.

22.     Imperial has gained profits by virtue of its infringement of the '155 Patent.

23.     On information and belief, Clarcor has been indirectly infringing, and continues to indirectly infringe, one or more claims of the '155 Patent by knowingly and actively inducing others to infringe, by contributing to the infringement of others, and/or by intentionally aiding, assisting and encouraging the infringement of others through the manufacture, use, offer for sale and/or sale of its air filters and/or parts for air filters.

24.     Because of Imperial and Clarcor's infringement of the '155 Patent, Camfil has suffered damages and will continue to suffer damages in the future.  Camfil is entitled to an injunction against Imperial and Clarcor's continued infringement of the '155 Patent and an award of damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Camfil respectfully requests entry of judgment in its favor and against Imperial as follows:

A.      A declaration that Imperial and Clarcor have and do infringe one or more claims of both the '037 Patent and the '155 Patent;

B.      A preliminary and permanent injunction against Imperial and Clarcor, and their officers, agents, servants, employees, attorneys, and others in active concert or participation with them from further infringing the '037 Patent and the '155 Patent;

C.      An order awarding Camfil damages to be paid by Imperial and Clarcor adequate to compensate Camfil for Imperial and Clarcor's past infringement of the '037 Patent and the '155 Patent, and any continuing or future infringement of the '037 Patent and the '155 Patent through the date such judgment is entered, together with pre-judgment and post-judgment

interest, costs and expenses as justified under 35 U.S.C. § 284;

D.      An order awarding Camfil damages, including treble damages, based on any infringement found to be willful, pursuant to 35 U.S.C. § 284, together with prejudgment interest;

E.      An order declaring that this an exceptional case and awarding Camfil its costs, expenses, disbursements and reasonable attorneys' fees under 35 U.S.C. § 285 and all other applicable statutes, rules and common law;

F.      An order requiring accounting of all infringing acts including, but not limited to, those acts not presented at trial and an award for damages to Camfil for any such acts; and

G.      Such other and further relief as this Court may deem just and proper.

## JURY DEMAND

In accordance with Rule 38 of the Federal Rules of Civil Procedure, Camfil respectfully demands a jury trial of all issues triable to a jury in this action.


Dated: November 10, 2015                              Respectfully Submitted,

                                                      By: */s/ Jayme Partridge*
                                                      Jayme Partridge
                                                      State Bar No.: TX 17132060
                                                      jpartridge@pattersonsheridan.com
                                                      B. Todd Patterson
                                                      State Bar. No.: TX 00789537
                                                      tpatterson@pattersonsheridan.com
                                                      **PATTERSON + SHERIDAN, LLP**
                                                      24 Greenway Plaza
                                                      Suite 1600
                                                      Houston, Texas 77046
                                                      Tel: (713) 623-4844
                                                      Fax: (713) 623-4846
                                                      **ATTORNEYS FOR PLAINTIFF**
                                                      **CAMFIL USA, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on November 10, 2015, the foregoing document was served on all counsel of record, using the Court's CM/ECF system, pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5(a)(3).


*/s/ Jayme Partridge*
Jayme Partridge